IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VALLEY FORGE INSURANCE          )
COMPANY,                        )
                 Plaintiff,     )
                                )
                                )
                                )
         v.                     )     Civil Action No. 08-48
                                )
MARC MELODINI                   )
                 Defendant.     )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                              January 28, 2008

This is an action for declaratory judgment pursuant to
the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act").
Jurisdiction is predicated upon diversity of citizenship under
28 U.S.C. § 1332. Plaintiff, Valley Forge Insurance Company
("Valley Forge"), seeks a determination that plaintiff, Marc
Melodini, is not entitled to no-fault insurance benefits under
either an insurance policy issued by plaintiff to defendant's
father or the Pennsylvania No-Fault Motor Vehicle Insurance Act,
40 P.S. § 1000.101, et seq.

Plaintiff was injured in an automobile accident in
1979. Valley Forge had issued policy No. AS0004046821 to
defendant's father. Valley Forge deemed defendant an insured
covered under the policy. Valley Forge provided benefits to

defendant pursuant to the terms of the policy and the Pennsylvania No-Fault Act. Valley Forge now seeks a declaration that defendant has materially breached the policy terms and, thus, is no longer entitled to benefits.

For the reasons stated below, we decline to exercise jurisdiction over this action.

The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that

> [i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co. , 515 U.S. 277, 286 (1995); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136. Thus, under the Act, district courts possess discretion in determining whether and when to entertain

2

a declaratory judgment action, even if the suit otherwise satisfies the prerequisites for subject matter jurisdiction.

The district courts' discretionary power to decline to hear declaratory judgment actions, however, is not open-ended. For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134 (citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)). None of these exceptions are present here. Indeed, this action presents the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters.

This case is virtually indistinguishable from Summy. The court of appeals in Summy specifically noted that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." See id. at 136. This principle is especially relevant because the interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." Id. Finally, when state law is

3

well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action, and, thus, district courts should rarely do so.  See id.

There are no federal questions present in this dispute. The requested relief would require us only to apply well-settled state law.  There simply is no federal interest at stake here. These factors weigh heavily against exercising jurisdiction over this action.

There is however, no parallel action pending in state court.  Both the Supreme Court in Wilton and the court of appeals in Summy reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions.  The Supreme Court in     Wilton expressly did not address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of a parallel state court proceeding.  Wilton, 515 U.S. at 290.

The Supreme Court indicated, however, that there are other factors, besides the existence of a parallel state court proceeding, that call for declining to exercise jurisdiction in a declaratory judgment action.  Id. at 288 n. 2.  Other courts have also concluded that, although it is a factor for the district court to consider, the pendency of a parallel state court proceeding is not a necessary predicate for a district

4

court to decline to exercise jurisdiction in a declaratory judgment action. See e.g., Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998)(holding that there is no requirement that a state action be pending before a federal court may decline to exercise jurisdiction over a declaratory judgment action); Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750,754 (9th Cir. 1996) overruled on other grounds by Gov't Employees ins. Co. V. Dizol, 133 F.3d 750, 754 (9th Cir. 1998)(en banc).

We also find support for this position in Summy. A fair reading of Summy indicates that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. Rather, it is but one factor a district court should consider. See Summy, 234 F.3d at 134-35. Thus, although there is no pending parallel state court proceeding in this case, that factor is not determinative. In the court's view, the absence of a pending parallel state court proceeding is clearly outweighed by the lack of any federal interest in this dispute.

Finally, while a party's objection to a district court's exercise of jurisdiction in a declaratory judgment case is a factor that would support the decision to decline jurisdiction, it is not a necessary one. In other words, a

5

district court may decline jurisdiction in a declaratory judgment action sua sponte. Summy at 136.

In sum, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well-settled. A state court would be perfectly capable of resolving this dispute in accordance with its own law. Therefore, under the circumstances of this case, and in the exercise of our discretion, we will not exercise jurisdiction over this declaratory judgment action.

Therefore, this 28th day of January, 2008, IT IS HEREBY ORDERED that plaintiff's declaratory judgment action is dismissed, without prejudice, to the parties' right to fully litigate this matter in state court. This opinion specifically does not constitute an adjudication on the merits of plaintiff's claim.

BY THE COURT:

Lancaster, J.

cc:    All Counsel of Record