IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| VALLEY FORGE INSURANCE COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-48 |
| MARC MELODINI | ) |
| Defendant. | ) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    March 7, 2008

This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Valley Forge Insurance Company ("Valley Forge"), seeks a determination that plaintiff, Marc Melodini, is not entitled to no-fault insurance benefits under either an insurance policy issued by plaintiff to defendant's father or the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1000.101, et seq.

On January 28, 2008, this court declined to exercise jurisdiction pursuant to the Act and dismissed this case without prejudice to the parties' right to fully litigate this matter in state court. [Doc. No. 3]. Before the court is plaintiff's

motion for reconsideration. [Doc. No. 4].

Plaintiff argues that reconsideration is appropriate because this court "erroneously concluded [that] no state court action was pending..." Plaintiff's Motion at page 1. Plaintiff contends that the fact that defendant filed an action against it in state court in Florida raising precisely the same issues requires this court to exercise its discretion to hear this action. Plaintiff argues that reconsideration is, therefore, appropriate.

Far from justifying reconsideration, plaintiff's motion, and the exhibits attached thereto, conclusively establish that this court should decline to hear this action. In December of 2007 defendant filed an action in Florida state court raising precisely the same issues plaintiff raises in this action. See Plaintiff's Motion for Reconsideration, [Doc. No. 4] at Exhibit A. Specifically, in the Florida action, defendant seeks a declaration that plaintiff is required to continue his insurance coverage pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1000.101, et seq. Plaintiff subsequently removed the Florida state court action to the United States District Court for the Middle District of Florida, where it is currently pending. Id. at Exhibit C.

Plaintiff correctly notes that a court does not have absolute discretion to "decline jurisdiction over a declaratory

2

judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." State Farm Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000). Plaintiff has not, however, identified any infirmity in the parallel proceeding. Rather, plaintiff simply implies that the proceeding is inadequate because it is not in Pennsylvania. The United States District Court for the Middle District of Florida is perfectly capable of applying Pennsylvania law to assess the issues presented in this matter.

Therefore, this 4/th day of March, 2008, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration, [Doc. No. 4], is DENIED.

BY THE COURT:

*/s/ Lancaster*, J.

cc: All Counsel of Record

3